Jack Grieb Director Colorado Division of Wildlife 6060 Broadway Denver, CO 80216
George T. O'Malley Director Colorado Division of Parks and Outdoor Recreation 1313 Sherman Street Denver, CO 80203
Frank A. Mansheim Director Motor Vehicle Division Department of Revenue 140 W. 6th Denver, CO 80203
Dear Mr. Grieb, Mr. O'Malley and Mr. Mansheim:
Please be advised that the attorney general's opinion dated October 23, 1981, regarding the above matter is withdrawn. This opinion, which reaches the same conclusion, is being issued in its place.
This attorney general's opinion is in response to requests by the Colorado Division of Parks and Outdoor Recreation, Colorado Division of Wildlife and the Department of Revenue (Division of Motor Vehicles). These requests inquire about the relationship between the penalty assessment procedures under the provisions of C.R.S. 1973, 33-6-127(11) and 42-4-1501(4) and the "cost" imposed by the Colorado Crime Victims Compensation Act, C.R.S. 1973,24-4.1-101 et seq. (Supp. 1981), hereinafter referred to as "CVCA," adopted by the 1981 Colorado General Assembly. An analysis of the various issues involved in this inquiry is provided below.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does section 24-4.1-119 of the "CVCA" apply to penalty assessments issued under C.R.S. 1973, 33-6-127(11) and42-4-1501(4)?
My conclusion is "no."
2. Are persons who do not pay their penalty assessments but who instead appear in court for their penalty assessment violations required to pay the CVCA cost pursuant to section 24-4.1-119
My conclusion is "no."
ANALYSIS
1. Generally, the Colorado Crime Victims Compensation Act (CVCA) provides limited compensation to victims of crimes resulting in death, bodily injury, or certain property damage. The program is funded by imposition of a "cost" on certain criminal actions. C.R.S. 1973, 24-4.1-119(1) provides:
 24-4.1-119. Costs levied on criminal actions. (1) A cost of fifty dollars for felonies, thirty dollars for misdemeanors, and fifteen dollars for class 1 and class 2 traffic offenses is hereby levied on each criminal action resulting in a conviction and which are charged pursuant to state statute. These costs shall be paid to the clerk of the court by the defendant. Each clerk shall keep the costs so received in a separate victim compensation fund to be used pursuant to this article.
At first glance, the provision seems to apply to all felonies, misdemeanors, and class 1 and 2 traffic offenses — including those to which a penalty assessment procedure may be applied. However, when read in light of the existing penalty assessment procedure statutes, it must be concluded that CVCA costs are not applicable to violations subject to a penalty assessment procedure.
C.R.S. 1973, 33-6-127(11) and 42-4-1501(4) provide procedures whereby persons charged with certain minor hunting and traffic offenses, respectively, may choose, by appropriately acknowledging a penalty assessment notice, to admit the offenses charged and pay the fine without the necessity of appearing in court.
Both section 33-6-127(11) and section 42-4-1501(4)(a) provide that "acceptance and payment of the prescribed fine shall be deemed a complete satisfaction of the violation. . . ." (emphasis added). The word "complete" means full, entire, consummate, not lacking in any element or particular.Black's Law Dictionary, 357 (rev. 4th ed. 1968). C.R.S. 1973, 33-6-127(11) and C.R.S. 1973, 42-4-1501(4)(a) therefore clearly provide that payment of the penalty relieves the violator of any further legal obligation which necessarily includes the "cost" referred to in section 24-4.1-119 of the CVCA.
In applying the traditional rules of statutory construction, C.R.S. 1973, 2-4-203 provides that if a statute is ambiguous, a court in determining the intention of the legislature may consider among other things the consequences of a particular construction. One of the purposes of enacting penalty assessment procedures is to establish simplified procedures for the processing of relatively minor criminal offenses. The consequence of construing the CVCA to cover the penalty assessment cases would be to complicate that process with additional requirements that would make it unworkable. I do not believe that the general assembly intended that game and fish violators and minor traffic offenders contribute to a fund designed to compensate victims of violent crime, particularly when the amount of the CVCA "cost" would equal or exceed the amount of the penalty assessment.
2. The equal protection guarantees in the federal and state constitutions require similar treatment under the law of persons similarly situated. United States v. Jackson, 390 U.S. 570
(1968). Therefore the CVCA may be unconstitutional if interpreted to allow, for example, hunter A to pay only a fine under the penalty assessment process to satisfy his violation, while imposing on hunter B the same fine plus a CVCA cost for an identical offense merely because he chose to exercise his right to a trial by a court. The same problem is presented when a hunter or minor traffic offender is required by the enforcement officer to appear in court rather than receive a penalty assessment. Simply stated, a greater penalty cannot be imposed merely because an alleged violator exercises his rights to appear in court, Berger v. City and County ofDenver, 142 Colo. 72, 350 P.2d 192 (1960). Consequently, it is my opinion that no "CVCA" penalty may be assessed against an offender merely because he chooses to exercise his right to go to court.
SUMMARY
It is my opinion that the provisions of the Crime Victims Compensation Act do not apply to minor offenders who receive penalty assessments. My further conclusion is that C.R.S. 1973,24-4.1-119(1) should be read as not applying to offenses subject to a penalty assessment procedure, whether payment of the fine is made pursuant to the notice procedure or imposed by a court after appearance by the defendant.
Very truly yours,
 J.D. MacFARLANE Attorney General
LEGISLATIVE BILLS TRAFFIC
C.R.S. 1973, 24-4.1-119(1) C.R.S. 1973, 33-6-127(11) C.R.S. 1973, 42-4-1501(4)
REVENUE, DEPT. OF Motor Vehicle, Div. of NATURAL RESOURCES Wildlife Div. of
Section 24-4.1-119 of the 1981 Crime Victims Compensation Act relating to the imposition of a cost on certain criminal offenses does not apply to penalty assessments issued under sections33-6-127(11) and 42-4-1501(4)